UNITED STATES DISTRICT COURT`
<u>SOUTHERN DISTRICT OF NEW YORK</u>

DERRICK U DENNIS, on behalf of
himself and all others similarly situated,

                Plaintiffs,                      1:19-cv-00383-JMF

    v.

GLORIA JEWEL INC.,                **PROPOSED DEFAULT JUDGMENT**

                Defendant.

_____

      This Matter came before the Court on Plaintiff's application for entry of a default judgment against Defendant, GLORIA JEWEL INC., under Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

      1. A default was entered by the Clerk of the Court against Defendant GLORIA JEWEL INC., on July 3, 2019.

      2. Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

      3. Defendant did not appear or otherwise defend in this action.

THEREFORE, IT IS ADJUDGED AND ORDERED THAT;

### I.

Plaintiff is a resident of New York, and blind, visually impaired handicapped individual and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2) and concomitant State/City Statutes, Rules and Regulations.

### II.

Defendant, a corporation doing business in the State of New York, is the owner/operator of physical commercial stores, and are places of public accommodations within the definition of Title III of the ADA, and operates a concomitant website, gloriajewel.com, which violates the Statutory provisions of Title III of the Americans with Disabilities Act ("ADA"), and related New York State and City Statutes, Laws, Rules and Regulations, by failing to provide Plaintiff and others similarly situated with equal access to the subject website.

### III. Temporary & Permanent Injunctive Relief

Defendant is hereby Ordered to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.0 guidelines to:

> a. Train Defendant's employees and agents who develop the Website on accessibility compliance under the WCAG guidelines;
> b. Regularly check the accessibility of the Website under the WCSAG 2.0 guidelines;
> c. Regularly test user accessibility by blind or vision-impaired persons to ensure Defendant Websites' compliance under the WCAG 2.0 guidelines;
> d. Develop and accessibility policy that is clearly disclosed on Defendant's Websites, with contact information for users to report accessibility-related problems.

IV. <u>Certification of Class & Sub-Class</u>

Certification of Class & Sub-Class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2), on behalf of himself and all others similarly situated; all legally blind individuals in the United States and State of New York, who have attempted to access Defendant's Website and as a result have been denied access to equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

V. <u>Compensatory Damages, Civil Penalties and Fines</u>

Pursuant to New York Executive Law § 297(4) et seq., an award of damages, civil penalties and fines to be determined by the Court at a hearing to be held in this matter;

VI. <u>Statutory Penalties N.Y. Civil Rights Law</u>

Pursuant to New York City Rights Law, § 40 et seq., the maximum award of Statutory penalties as to each stated violation;

VII. <u>Appointment of Counsel and Reasonable Attorney Fees & Costs</u>

Pursuant to Fed.R.Civ.P. 23(g)(1), appointing Jonathan Shalom of Shalom Law, PLLC, as Class Counsel; and awarding reasonable attorney fees and costs, pursuant to Fed.R.Civ.P. 23(h)

This Court shall maintain jurisdiction over this matter until _____, to enforce this Order, and to award such other equitable relief as the Court may deem just and proper.

IT IS SO ORDERED this _____ day of _____, 2019

_____

United States District Judge